UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLYDE PIGGIE,                              )
                                           )
            Plaintiff,                     )
                                           )       NO. 3:06-CV-523 JM
      vs.                                  )
                                           )
AMANDA ROBERTSON, *et al.*,                )
                                           )
            Defendants.                    )

## OPINION AND ORDER

Clyde Piggie, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion

of a complaint, for failure to state a claim upon which relief can be granted. Courts apply

the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss*

*v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would entitle him to
> relief.  Allegations of a pro se complaint are held to less stringent standards
> than formal pleadings drafted by lawyers. Accordingly, pro se complaints
> are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme
> Court requires only two elements:  First, the plaintiff must allege that some
> person has deprived him of a federal right.  Second, he must allege that the
> person who has deprived him of the right acted under color of state law.
> These elements may be put forth in a short and plain statement of the claim

Dockets.Justia.com

showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Piggie alleges that he was denied due process during his C.A.B. hearings by Amanda Robertson, Hieshman, and K. Wright. He alleges that as a result of both of these C.A.B. hearings (MCF05-11-0756 and MCF 05-12-0362) he lost 90 days good time which was subseqently restored by the superintendent on appeal.

Mr. Piggie faces a double bind in his challenge to the C.A.B.'s alleged denials of due process. He could not file this civil rights suit until his C.A.B. convictions were set aside because a judgment in his favor would have necessarily implied the convictions' invalidity. *See Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). But now that the convictions have been reversed and his good-time credits restored, he has no basis for a federal suit. The protections of the due process clause do not attach unless Mr. Piggie was deprived of a liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Since he has not lost good-time credits, he cannot claim a right to due process under *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). He was not punished because he did not, and will never, serve any additional time because the lost time was restored before he began serving it. Furthermore, he cannot claim that he has a protected interest in avoiding other sanctions short of credit deprivation, which themselves do not even rise to the type of "atypical and

significant hardship" that is protected by the due process clause. *See Sandin v. Connor*, 515

U.S. 472, 486 (1995). Therefore the due process claims will be dismissed.

Mr. Piggie alleges that he was retaliated against by Amanda Robertson, Hieshman,

and K. Wright when they denied him due process during the previously discussed C.A.B.

hearings because he had previously filed grievances, requests, complaints, and a lawsuit.

Prison officials may not retaliate against an inmate for exercising his First Amendment

rights, even if their actions would not independently violate the Constitution. *See*

*Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state claim for retaliation, the

complaint must first allege that the plaintiff was engaged in a Constitutionally protected

activity and second, that engaging in that activity was a substantial or motivating factor in

the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S.

274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have

occured "but for" the protected conduct.

"There is, of course, a *de minimis* level of imposition with which the Constitution is

not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of
> ordinary firmness from exercising his or her constitutional rights constitutes
> an adverse action for a claim of retaliation. Otherwise, the retaliatory act is
> simply *de minimis* and therefore outside the ambit of constitutional
> protection. This objective inquiry is not static across contexts, but rather must
> be tailored to the different circumstances in which retaliation claims arise.
> Prisoners may be required to tolerate more than public employees, who may
> be required to tolerate more than average citizens, before a retaliatory action
> taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted),

*see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

As previously discussed, Mr. Piggie did not lose any good time as a result of the two C.A.B. hearings in question. Even though actions which would not independently violate the Constitution can be the basis for a retaliation claim, the failure to receive a benefit which he would not have otherwise received cannot be an act of retaliation because they are not the "but for" cause of not receiving the benefit. For example, Mr. Piggie was not given $100 at the C.A.B. hearing, but that was not the result of retaliation. He was not entitled to receive $100 and he would not have received any money "but for" having engaged in protected conduct. Because he was not entitled to due process at those hearings and because he would have been denied due process at those hearings even if he had never exercised his First Amendment rights, these allegations of retaliation do not state a claim. Furthermore, the denial of a benefit to which he was not entitled and which he could not have reasonably expected could not be more than a *de minimis* imposition. No similarly situated inmate of ordinary firmness would have been deterred from exercising his constitutional rights because he did not receive something he could not have reasonably expected to receive anyway. Therefore the retaliation claims arising out of these C.A.B. hearings will be dismissed.

Mr. Piggie also alleges that Ms. Riggle transfered him to a higher security prison in retaliation for his complaints, requests and a lawsuit. Giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this states a claim against Ms. Riggle in her individual capacity for monetary and punitive damages.

For the foregoing reasons, the court:

(1) **GRANTS** Clyde Piggie leave to proceed against Ms. Riggle in her individual capacity for monetary and punitive damages for retaliating against him by transfering him to a higher security prison because he exercised his First Amendment right to file greivenaces, requests, and a lawsuit.

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Amanda Robertson, Hieshman, and K. Wright;

(4) **GRANTS** the motion for service only as to Ms. Riggle;

(5) **DIRECTS** the clerk to transmit the summons and USM-285's for Ms. Riggle to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Ms. Riggle; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Ms. Riggle respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTER: August 29, 2006

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT