UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CLYDE PIGGIE,** )<br>     **Plaintiff,** )<br> )<br>vs.   )<br> )<br>**AMANDA ROBERTSON,** *et al.,* )<br>     **Defendants.** ) | CAUSE NO. 3:06-CV-523 JM |

## OPINION AND ORDER

Clyde Piggie, a *pro se* prisoner, filed a motion to reconsider this court's screening order dated August 29, 2006. Mr. Piggie cites a number of cases from other circuits. Though the caselaw of other circuits can at times be highly persuasive, the caselaw of the Seventh Circuit is not always consistent with that of her sister circuits, but it, and opinions by the United States Supreme Court, are always controlling on this court.

Mr. Piggie attempts to distinguish *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) by stating that Lekas did not lose any good time. He does not dispute that *Lekas* supports the proposition of law for which it was cited: that is, the protections of the due process clause do not attach unless an inmate is deprived of a liberty interest. Mr. Piggie did not lose a liberty interest because he did not and will never serve any additional time as a result of the disputed C.A.B. hearings. Because the duration of his sentence was not lengthened as a result of those hearings, he cannot claim a right to due process under *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

Mr. Piggie argues that *Edwards v. Balisok*, 520 U.S. 641 (1997) permits nominal damages for a denial of procedural due process even where there is no showing that the

substantive outcome of the hearing was incorrect. While this is true, he erroneously assumes that he was entitled to procedural due process at his hearings. As previously explained, Mr. Piggie was not entitled to any due process at his hearings because an inmate is only entitled to due process at a hearing which extends the duration of his incarceration. When Mr. Piggie successfully overturned the punishment imposed by those hearings, they no longer extended his incarceration and he was not entitled to any due process during them.

Mr. Piggie argues that *Wilkinson v. Dotson*, 544 U.S. 74 (2005) permits § 1983 lawsuits challenging procedural errors which do not undermine a conviction and which do not seek speedier release. Again he is correct, but he again erroneously believes this will permit him to proceed on his claims in this case. Though he is challenging procedural errors and though a finding that those errors occurred would not undermine a finding of guilt (since they have already been overturned) and though he does not seek a speedier release, he erroneously assumes that a procedural due process error occurred. As previously explained, this is impossible because he was not entitled to any due process at these hearings which did not result in the extension of the duration of his incarceration.

For the foregoing reasons, the motion to reconsider (docket # 8) is **DENIED**.

**SO ORDERED.**

ENTER: September 21, 2006

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT