UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CLYDE PIGGIE,** ) | |
| Plaintiff, ) | |
| ) | NO. 3:06 CV 523 JM |
| vs. ) | |
| ) | |
| **AMANDA ROBERTSON,** *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

Clyde Piggie, a *pro se* prisoner, filed a motion seeking clarification of this court's screening order (docket # 5). Specifically, Piggie asks if the basis for a retaliation claim need not independently violate the constitution. Though the screening order unambiguously addressed that question, the court will grant the motion to the extent addressed in this order. As this court clearly stated in the screening order,

> Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000).

Docket # 5 at 3. Indeed, the court applied this principle when granting Piggie leave to proceed on a retaliation claim based on his having been transferred. An independent claim for being transferred would not have stated a claim because a convicted inmate can be transferred at any time. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). Therefore, Piggie only has a claim arising out of his transfer because he alleged that the transfer was in retaliation for his protected conduct.

Nevertheless, the screening order went on to explain that, to state a claim for retaliation, the protected conduct must be the "but for" cause of the retaliatory act. *See Mt.*

*Healthy City School District v. Doyle*, 429 U.S. 274 (1977). In this case, the retaliatory claims that Piggie brought against Amanda Robertson, Hieshman, and K. Wright were dismissed because the denial of due process could not have been in retaliation for his protected conduct. This court explained that,

> the failure to receive a benefit which he would not have otherwise received cannot be an act of retaliation because they are not the "but for" cause of not receiving the benefit. For example, Mr. Piggie was not given $100 at the C.A.B. hearing, but that was not the result of retaliation. He was not entitled to receive $100 and he would not have received any money "but for" having engaged in protected conduct. Because he was not entitled to due process at those hearings and because he would have been denied due process at those hearings even if he had never exercised his First Amendment rights, these allegations of retaliation do not state a claim.

Docket # 5 at 4.

The screening order went on to explain that *de minimis* impositions were not of constitutional significance and that

> the denial of a benefit to which he was not entitled and which he could not have reasonably expected could not be more than a *de minimis* imposition. No similarly situated inmate of ordinary firmness would have been deterred from exercising his constitutional rights because he did not receive something he could not have reasonably expected to receive anyway.

Docket # 5 at 4.

For the foregoing reasons, the motion for clarification (docket # 27) is **GRANTED** to the extent that this order provides clarification of the court's screening order.

**SO ORDERED**.

ENTERED: October 31, 2006

s/James T. Moody  
James T. Moody, Judge  
United States District Court