UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CLYDE PIGGIE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:06 CV 523 JM |
| v. | ) | |
| | ) | |
| AMANDA ROBERTSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case is before the court *sua sponte* to reconsider the denial of the defendant Riggle's summary judgment motion. In denying that motion, the court found there was a genuine issue of fact regarding whether plaintiff Clyde Piggie had exhausted his administrative remedies. Subsequently, *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was decided, directing district courts to resolve genuine issues of fact regarding exhaustion of administrative remedies before addressing the merits of the claim involved. Accordingly, the court set the matter for a hearing to determine the exhaustion issue. Based upon the memorandum Piggie filed in preparation for that proceeding, however, it is clear no genuine issue of fact exists, and that Piggie did not exhaust his administrative remedy.

Title 42 U.S.C. § 1997e(a) requires inmates such as Piggie to utilize whatever administrative grievance system is available to him before filing a

lawsuit in federal court. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683-84 (7th Cir.2006). "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir.2005) (per curiam). In this circuit an inmate must strictly comply with administrative remedies to comply with the exhaustion requirement. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) ("Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective . . .").

When he responded to the defendant's motion for summary judgment, Piggie declared that he properly filed an administrative appeal related to his claims in this case. Before *Pavey*, this assertion alone was sufficient to create a genuine issue of fact, even though Piggie did not provide underlying details showing that he had, in fact, taken his administrative appeal in a timely and procedurally correct manner. Now, in his pre-hearing memorandum, Piggie indicates he will prove that he filed his appeal within 10 days after December 30, 2005. For purposes of deciding the exhaustion question, the court accepts this as true. Nevertheless, any such filing was not a timely appeal of the transfer at issue in this case, because the transfer at issue in this case was approved January 12, 2006. Although it is unclear what Piggie may have done

before January 9, 2006, it is clear he was not appealing a decision that would not be made for 3 more days.

Because the undisputed facts now before the court demonstrate Piggie did not file a timely and proper administrative appeal, there is no question of fact as to whether Piggie exhausted his administrative remedies. If Piggie had been forthcoming as to the December 30, 2005, date in his response to the summary judgment motion, the court could have resolved the exhaustion question when it first addressed the motion.

For the foregoing reasons, the court:

(1) **RECONSIDERS** the order (Docket # 67) denying the motion for summary judgment;

(2) **GRANTS** the defendant's motion (Docket # 60) for summary judgment; and

(3) **DISMISSES** this case **WITH PREJUDICE**.

                                   **SO ORDERED.**

DATE: January 23, 2009

                                     s/ James T. Moody  
                                     JUDGE JAMES T. MOODY  
                                     UNITED STATES DISTRICT COURT